United States District Court
Southern District of Texas
**ENTERED**
March 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NAMEAH HELAIRE, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:25-cv-03547 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| ANTONIO VILLARREAL, | § | |
| *et al*, | § | |
| Defendants. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Nameah Helaire proceeds here *pro se*. She brings claims for various violations of her civil rights under 42 USC §1983. See Dkt 1 at 4. The matter was referred for disposition to Magistrate Judge Yvonne Ho. Dkt 4.

Judge Ho entered an order acknowledging that Plaintiff had served Defendants Amtaro Montoya, Angel August, and Antonio Villarreal. See Dkt 15 at 1, citing Dkts 6, 7 & 8 (returns of service). But Plaintiff hadn't served Defendants Houston Police Department, Harris County District Attorney's Office, Daniel Nunez, or Christian Rome despite expiration of the relevant deadline for service under Federal Rule of Civil Procedure 4(m). See ibid. Judge Ho thus ordered Plaintiff to file proof of valid service for all unserved Defendants by November 21, 2025. Id at 2.

Plaintiff failed to do so. Judge Ho then entered a Memorandum and Recommendation recommending that Plaintiff's claims against the unserved Defendants be dismissed without prejudice. Dkt 25 at 4.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc*); see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed objections. See Dkts 28 & 30. She states that she is proceeding *in forma pauperis* and was thus entitled to rely on the United States Marshals to effectuate service. Dkt 30 at 1. Plaintiff further contends that any delay was the result of conflicting records rather than a lack of diligence. Dkt 28 at 2.

On *de novo* review and determination, the objections lack merit. Even a Plaintiff relying on the Marshals for service must "[a]t a minimum . . . attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Rochon v Dawson*, 828 F2d 1107, 1110 (5th Cir 1987). Plaintiff failed to ensure the relevant Defendants were served within the initial deadline under Rule 4(m) and again after receiving an extension of time from the Magistrate Judge. Further, Plaintiff hasn't explained why she didn't request an additional extension prior to expiration of the relevant deadline. She thus fails to show good cause for failure to effect service on the relevant Defendants.

Following entry of the Memorandum and Recommendation, a return of service for Defendant Christian Rome appeared on the docket. Dkt 36. It indicates Defendant Rome was served on February 25, 2026. Ibid. Judge Ho had previously ordered the United States Marshals not to serve two other Defendants who had not been served prior to expiration of the extended deadline. See Dkt 29. She there noted that "Plaintiff cannot circumvent the pending recommendation to dismiss all her

claims" by untimely service on these Defendants. Id at 2. The same applies to Defendant Rome. Plaintiff's untimely service doesn't cure her failure to effectuate service under the original or extended deadlines.

The objections by Plaintiff Nameah Helaire to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 28 & 30.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 25.

Plaintiff's claims against Defendants Houston Police Department, Harris County District Attorney's Office, Daniel Nunez, and Christian Rome are DISMISSED WITHOUT PREJUDICE.

Plaintiff's claims against Defendants Amtaro Montoya, Angel August, and Antonio Villarreal continue.

SO ORDERED.

Signed on March 27, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge

3